UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Idusogie and Ole Savior,　　　　　　　　　　Civil No. 10-4483 (MJD/FLN)

　　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　**ORDER & REPORT AND
　　　　　　　　　　　　　　　　　　　　　　　RECOMMENDATION**

Minneapolis Star Tribune, et al.,

　　　　　　Defendants.

_____

Plaintiffs, *Pro Se*.
John P. Borger, Paul R. Hannah, Gerald S. Duffy,
Tracy M. Smith & Nathan J. Hartshorn for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 22, 2011 on Defendants' Motions to Dismiss (ECF Nos. 5, 17, 24, 34, 39, 59 and 64) and Plaintiffs' Motion to Reconsider Case, Dismiss a Proposed Order and Remove Judge Franklin L. Noel from this Case (ECF No. 77). Thereafter, the parties consented to the Court deciding Fox/UTV Holdings, Inc.'s Motion to Dismiss (ECF No. 79) on the pleadings without a hearing. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends Defendants' Motions to Dismiss be **GRANTED** and the case be **DISMISSED with prejudice**.

## I.　　BACKGROUND

Plaintiffs Ole Savior and Peter Idusogie ran as candidates in the 2010 primary election for Minnesota governor. Plaintiffs did not win the primary. (*See* ECF No. 21, Poser Decl. ¶ 14.) Each Plaintiff finished fourth out of four gubernatorial candidates in his respective party. (Poser Decl. ¶

1

14.)

In this action, Plaintiffs claim that Defendants violated their "first, and ninth amendment constitutional rights and civil rights" as a result of "the illegal actions of censorship and exclusion on the part of the press to some how marginalize their campaign." (ECF No. 1, Compl. 3.) Plaintiffs appear to allege that Defendants violated their constitutional rights by failing to interview Plaintiffs or include them in news coverage (*see generally* Compl. 4, 6–9) and by failing to include Plaintiffs in candidate debates[1] (Compl. 5, 7, 8) in such a manner as to unduly influence the August 2010 primary elections (Compl. 4, 12, 14–15).

Defendants have now moved to dismiss.

## II.    RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic

---

[1] According to the complaint, debates from which Plaintiffs were allegedly excluded were sponsored by KSTP-TV/Channel 5 (Compl. 5), Minnesota Public Radio (Compl. 9–10), the League of Women Voters and the Humphrey Institute (Compl. 7).

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. LEGAL ANALYSIS

In order to survive the instant motions to dismiss, Plaintiffs' claims against Defendants must be facially plausible. *Iqbal*, 129 S. Ct. at 1949. The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiffs for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiffs.

Plaintiffs generally allege that Defendants violated the Constitution by failing to provide media coverage to their campaigns equal to the coverage provided to other candidates. (*See e.g.* Compl. 10.) Specifically, Plaintiffs argue that their "first amendment rights were trampled upon" as a result of Defendants' failure to include them in debates prior to the August 10, 2010 primary

election. (Compl. 7.)[2] To the extent that Plaintiffs have asserted a First Amendment claim against Defendants for decisions not to invite Plaintiffs to any political debate or cover their campaigns in detail, the claim fails as a matter of law.

The debates at issue were nonpublic forums from which the relevant Defendants could choose to exclude Plaintiffs "in the reasonable, viewpoint-neutral exercise of [their] journalistic discretion." *Arkansas Educ. Television Com'n v. Forbes*, 523 U.S. 666, 676 (1998). As such, Defendants made "candidate-by-candidate determinations as to which of the eligible candidates would participate in the debate[s]."[3] *Id.* "Such selective access, unsupported by evidence of a purposeful designation for public use, does not create a public forum." *Id.*; *Cornelius v. NAACP Legal Defense and Education Fund*, 473 U.S. 788, 805 (1985). Thus, those Defendants who sponsored the political debates had no obligation to include Plaintiffs in the debates.

Additionally, "[t]he choice of material to go into a newspaper, and the decisions made as to limitations on the size and contents of the paper, and treatment of public issues and public officials – whether fair or unfair – constitute the exercise of editorial control and judgment." *Miami Herald Publishing v. Tornillo*, 418 U.S. 241, 258 (1974). Plaintiffs were not entitled, simply by virtue of their candidacies, to a certain amount or quality of media coverage. *See id.* ("It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press as they have evolved to this time.") The First

---

[2] To the extent that Plaintiffs may also allege that Defendants violated "F.C.C. rules," there is no private cause of action to enforce 47 U.S.C. § 315. *Forbes v. Arkansas Educ. Television Comm'n Network Found.*, 22 F.3d 1423, 1427 (8th Cir. 1994), *rev'd on other grounds by* 523 U.S. 666 (1998). Thus, any claim by Plaintiffs for violations of the Federal Communications Commission rules and regulations cannot survive.

[3] For example, Plaintiff Idusogie's inability to show popular support of at least five percent in an independent state poll was one such reasonable and viewpoint-neutral basis for exclusion in the DFL pre-primary debate by the League of Minnesota Voters Education Fund. (*See* ECF No. 55 at 4.)

Amendment protects the news media's right to decide what to include in its news broadcasts. *See id.* Consequently, Plaintiffs are not entitled to recovery as a result of any Defendant's decision not to cover their campaigns in detail or not to allow them to participate in any televised political debate.

Because Plaintiffs allege no facts in their complaint to support their claim that Defendants violated their "civil rights and first amendment constitutional rights" (Compl. 5), the complaint fails to state a claim upon which relief may be granted. Nothing alleged by Plaintiffs permits a reasonable inference that Defendants acted in violation of the United States Constitution. The motions to dismiss must, therefore, be granted.

## IV.　ORDER

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion to Reconsider Case, Dismiss a Proposed Order and Remove Judge Franklin L. Noel from this Case (ECF No. 77) is **DENIED**.

## V.　RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motions to Dismiss (ECF Nos. 5, 17, 24, 34, 39, 59, 64 and 79) be **GRANTED**;

2. This matter be **DISMISSED with prejudice**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: June 29, 2011　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 14, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 14, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.